The STATE of Indiana, on the relation of Samuel JACOBS, in his official capacity as the Chairman of the Indiana State Recount Commission, Relator,

v.

The MARION CIRCUIT COURT, and the Honorable William Lawrence, as Judge Pro Tempore thereof, Appellee.

No. 49S00–9412–OR–1189.

Supreme Court of Indiana.

Dec. 12, 1994.

Pamela Carter, Atty. Gen., Richard E. Shevitz, Deputy Atty. Gen., for relator.

Briane House, Kightlinger and Gray, Indianapolis, for respondents.

PER CURIAM.

This original action involves construction of the Indiana statutes governing the recount of votes cast for candidates for federal, state, and legislative offices. IND.CODE §§ 3–12–10 and 3–12–11 (1993 and 1994 Supp.). IND. CODE § 3–12–10–2(a) (1993) provides for the secretary of state to serve as chairman of the Indiana state recount commission except in a recount of an election in which "the person serving as secretary of state was a candidate for election to office in that election." In such a recount, "the state chairman of the same major political party as the person

serving as secretary of state shall appoint a person to serve as a member and chairman of the commission." *Id.*

Following the November 8, 1994, election, recount petitions were filed with respect to three state legislative races. The person serving as secretary of state, Joseph H. Hogsett, declined to serve as chairman of the commission on grounds that he had been a candidate for election to office in the November 8 election, *to wit,* U.S. Representative in Congress from the Second Congressional District of Indiana. The state chairman of Mr. Hogsett's political party appointed Relator Samuel Jacobs to serve as a member and chairman of the commission. Mr. Hogsett and Mr. Jacobs are Democrats. On November 28, 1994, Gordon K. Durnil, the Republican party designee to the commission, initiated the underlying cause of action here,[1] a *quo warranto* proceeding in the Respondent court challenging Mr. Jacobs's appointment and contending that Mr. Hogsett was the rightful chairman of the commission. On December 2, 1994, the judge of the Respondent court entered an order, effective November 30, 1994, temporarily restraining the commission from further action and providing that Mr. Jacobs remain as chairman of the commission pending further order of the Respondent court. On December 8, 1994, Relator initiated this original action seeking a writ of mandamus and prohibition to bar Respondent court and the judge thereof from proceeding further with the *quo warranto* action and requiring Respondent to dissolve the temporary restraining order.[2]

We grant a portion of the relief sought by Relator.

IND.CODE § 3–12–10–17 (1993) provides: "Any court action related to the election for an office that is the subject of a: (1) Recount proceeding under IC 3–12–11 [providing recount procedures for federal, state and legislative offices] ... is stayed until the state recount commission has rendered a final determination." Relator argues that this provision "expressly stays any court action related to the election for an office that is the subject of a recount petition." Mr. Durnil responds that his *quo warranto* action is not a suit related to the election for an office that is the subject of a recount but instead a challenge to the composition of the commission itself.

Both arguments have merit but we believe the Relator's position is more consistent with what we perceive to be the legislative intent of the recount statute. In construing a statute to ascertain legislative intent, we construe the act as a whole and in its entirety, each section being considered with reference to all other sections. *Combs v. Cook* (1958), 238 Ind. 392, 397, 151 N.E.2d 144, 147. IND.CODE § 3–12–11–21 (1994 Supp.) requires that the recount for election to a legislative office be completed before December 20 after the election. IND.CODE § 3–12–10–18 (1993) provides that any party to a final determination by the recount commission is entitled to file a petition for judicial review of the determination in Respondent court. That section specifically authorizes the court to review the types of claims at issue in the underlying action here, *i.e.,* whether the commission is properly constituted and whether the state board of accounts has properly conducted its work for the commission. These are claims that the commission action is not in accordance with law, is in excess of statutory jurisdiction or authority, or has not observed the procedure required by law. IND.CODE § 3–12–10–18(1), (3) and (4).

Taken together, we believe these three sections evidence a clear legislative intent that the work of the recount commission proceed expeditiously and without court interference until completed. Once completed, however, any party to the final determination is free to dispute the commission's action pursuant to IND.CODE § 3–12–10–18.

We also make a practical observation that reinforces our conclusion here. Under Article 4, § 10, of the Indiana Constitution, each house of the General Assembly "judge[s] the

---

1. *State ex rel. Gordon K. Durnil v. Samuel Jacobs, in his Capacity as the Appointed Chair of the Indiana State Recount Commission,* Cause No. 49C01–9411–CP–4050.

2. Among other arguments, Relator contends that Mr. Durnil has no standing to bring the *quo warranto* action. Because of the way we resolve this case we do not reach the standing issue.

elections, qualifications, and returns of its own members." This court has recognized that the respective houses of the legislature are the sole judges of the results of the elections of their members. *Lucas v. McAfee* (1940), 217 Ind. 534, 542, 29 N.E.2d 588, 589. While it is clear that the legislature has given the judiciary a role in this process in IND. CODE § 3–12–10–18, we see little utility in expending excess judicial resources to render what the constitution renders to be effectively advisory opinions.

We have issued a writ of mandamus and prohibition directing the Respondent court and judge thereof to (i) dissolve the temporary restraining order entered in the underlying cause and (ii) refrain from taking any further action in that cause until the commission has issued its final determinations.