Lori **BRASHEAR**, Eddie Bator, Mary Jo Haggsberg, Stella Fisher, Diane Campbell, Patsy Broge, Tami Sturgeon, Co-administrator of Estate of Dessirea King, Deceased, and Hazel Estepp, Co-administrator of Estate of Dessirea King, Deceased, Plaintiffs,

v.

**LEPRINO FOODS COMPANY** and Bradley Fagg, Defendants.

Nos. 4:94cv0037 AS, 4:94cv0038 AS, 2:94cv0213 AS and 2:94cv0214 AS.

United States District Court, N.D. Indiana, Hammond Division.

Sept. 19, 1995.

Richard A. Mayer, Spangler Jennings and Dougherty PC, Merrillville, IN, Lawrence C. Force, Force and Baldwin, Adrian, MI, for Lori C. Brashear, Eddie M. Bator, Mary Jo Haggsberg, Stella A. Fisher, Diane S. Campbell, and Patsy J. Broge.

Richard A. Mayer, Spangler Jennings and Dougherty PC, Merrillville, IN, John S. Delibera, Delibera Lyons and Bibbo, Columbus, OH, for Tami Sturgeon, Hazel Estepp.

Bruce P. Clark, Karen R. Tallian, Bruce P. Clark and Associates, Munster, IN, for Leprino Foods Co. and Bradley Fagg.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This memorandum will follow up on the proceedings held in open court in South Bend, Indiana, on September 15, 1995, and deal with the issues that were there presented.

This case, or more accurately, these cases have now been on file in this district for well over a year. Some of the cases were on file in a United States district court in Michigan for well onto two years, and the incident in question occurred in this district more than three years ago. Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. This court has determined that the substantive law of Indiana applies and reminds all concerned that the incidents in question did occur in this district in the State of Indiana, so this ruling should not have come as any great surprise to experienced counsel.

## I. Defendants' Motion for Leave to File Amended Answer

The Comparative Fault Act of the State of Indiana is the beginning point for the application of the substantive law of the State of Indiana. Now, on the eve of trial, the defendants in this case seek to use whatever liberal intendments there may be in Rule 15, Federal Rule of Civil Procedure (Fed.R.Civ. P.), to amend their answer so that the driver of the vehicle in which the other plaintiffs were riding, namely Stella Fisher, as well as the State of Indiana, may be brought in as non-party defendants under the provisions of the Indiana Comparative Fault Act, IND. CODE § 34-4-33-1 *et seq.* This subject was covered elaborately in an hour-long proceeding in open court on September 15, 1995, and this court is well aware of the authorities and arguments made there, as well as in the pleadings in this case.

This court dealt in a quite similar context with one of the precise issues raised by these defendants, in *Farmers & Merchants State Bank v. Norfolk & Western Railway Co.,* 673 F.Supp. 946 (N.D.Ind. 1987). That case found favor specifically with the Court of Appeals for the Seventh Circuit in *Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1400 (7th Cir.1991). The *Farmers & Merchants State Bank* case also found favor with the Supreme Court of Indiana in *Barnes v. Barnes,* 603 N.E.2d 1337, 1340 n. 1 (Ind.1992), and with two different panels of the Court of Appeals of Indiana, in *Handrow v. Cox,* 553 N.E.2d 852, 855 (Ind.Ct.App.1990); and *Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.,* 548 N.E.2d 1197 (Ind.Ct.App.1990). Thus, this court is completely comfortable with adhering to *Farmers & Merchants State Bank* in this case if it applies.

This court permitted the timely joinder of a non-party defendant in the *Farmers & Merchants State Bank* case with the distinct understanding that it was necessary to prove willful and wanton misconduct under the Indiana Guest Statute, IND.CODE § 9-3-3-1 *et seq.* (now § 34-4-40-1 *et seq.*) as to that non-party defendant. The same reasoning

applies here, and this court fails to see where subsequent changes in the statutory law of the State of Indiana have intervened to change the reasoning and result of *Farmers & Merchants State Bank* for purposes of the present case. In open court on September 15, Mr. Clark, on behalf of these defendants, made a most significant admission: His admission was that there was no evidence to support willful and wanton misconduct as to the driver, Stella Fisher. Mr. Clark is to be commended for an honest admission, but such admission takes his clients here out of the reasoning in *Farmers & Merchants State Bank.*

■ On behalf of these defendants, Mr. Clark attempts to back and fill by dragging into this case changes in Indiana statutory law which became effective on July 1, 1995. Mr. Clark asserts that, due to a change in the statutory definition of "non-party" under the Comparative Fault Act, even those persons who have traditional statutory immunity from suit (such as under the Indiana Guest Statute, absent willful and wanton misconduct) may now be named as non-parties for purposes of the comparative fault analysis.[1] While this argument certainly must be decided under Indiana state law, it is irrelevant for purposes of the present case, since Mr. Clark and his co-counsel, Ms. Tallian, freely admit that the portions of the Indiana amendatory statute which became effective on July 1, 1995, are not specifically retroactive. The rule is now and has long been in Indiana that statutes are prospective and not retroactive unless there is a specific provision regarding retroactivity. *O'Laughlin v. Barton,* 582 N.E.2d 817, 820 (Ind.1991); *State ex rel. Uzelac v. Lake Criminal Court,* 247 Ind. 87, 212 N.E.2d 21, 24 (1965); *Indiana Dep't of Environmental Management v. Chemical Waste Management of Indiana, Inc.,* 604 N.E.2d 1199, 1204 (Ind.Ct.App.1992); *Thomas v. Hemmelgarn,* 579 N.E.2d 1333, 1338 (Ind.Ct.App.1991), *trans. denied; Rogers v.*

*R.J. Reynolds Tobacco Co.,* 557 N.E.2d 1045, 1051 (Ind.Ct.App.1990). There is no such provision in any relevant parts of any of the statutes that are relied on by the defendants in this case. Thus, as far as this case is concerned, *Farmers & Merchants State Bank* remains the law and, given the admission by Mr. Clark on the record in open court, these defendants cannot bring themselves within that ruling; therefore, Stella Fisher cannot be brought in as a non-party defendant. The reasoning here as to Stella Fisher does not depend on an argument about timeliness, although a timeliness argument under either the Indiana Comparative Fault Act, IND.CODE § 34–4–33–10(c), or the case law in this circuit under Rule 15, Fed. R.Civ.P., would raise very serious questions as to whether the attempt to bring in Stella Fisher as a non-party defendant is timely.

■ However, with reference to the defendants' attempt to bring in the State of Indiana and the Indiana Department of Transportation as non-parties, there are severe timeliness problems, both in terms of relevant State law and under basic and recent decisions in this circuit dealing with Federal Rule 15. The Indiana Tort Claims Act provides that a claim against the State is barred unless notice is filed with the Attorney General and the relevant state agency within 180 days after the alleged loss occurs. IND.CODE § 34–4–16.5–6 (1993). As more than three years have passed since the incident in question occurred, the State now clearly enjoys sovereign immunity and thus does not meet the statutory definition of a non-party under the provisions of the Comparative Fault Act applicable at the time the present cause of action accrued.

In addition to the state statutory bar to adding the State as a non-party, the decision to deny leave to amend the pleadings under Rule 15(a), Fed.R.Civ.P., after such amendments are no longer timely is a matter purely within the discretion of the district court

---

1. In the version of the Comparative Fault Act in effect at the time the present cause of action accrued, the Act defined a "non-party" as "a person who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the defendant." IND.CODE § 34–4– 33–2(a) (1993). Effective July 1, 1995, the definition of "non-party" was amended to read as follows: "'Nonparty' means a person who caused or contributed to the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." IND. CODE § 34–4–33–2(a)(2) (1995).

judge. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773–74 (7th Cir.1995); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir.1993); *Daugherity v. Traylor Brothers, Inc.*, 970 F.2d 348, 351 (7th Cir.1992); *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir.1988); *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir.1985). There is no question in the record in this case that these defendants are charged with full and elaborate knowledge of the condition of the intersection in question from the very day of this collision, now more than three years ago, and this last-minute effort to bring in the State of Indiana as a non-party simply will not fly.

This last-minute effort to use the liberal intendment of Rule 15, Fed.R.Civ.P., to amend the defendants' answer to bring in the State of Indiana as a non-party defendant has many of the earmarks of an effort to pry open discovery and to delay a trial that has long since been scheduled to go forward on or about October 10, 1995. As for timeliness, the total record in this case belies any conclusion that these defendants have acted promptly to assert these non-party defenses and to join the State of Indiana as a non-party defendant.

Therefore, for all of the above reasons, this court's order of September 5, 1995, is **VACATED,** and the defendants' motion to amend to join non-party defendants is now **DENIED.**

### II. Defendants' Motion to Strike Plaintiffs' Revised Pretrial Submission

There remains open warfare with regard to the disclosure and non-disclosure of principal witnesses by the plaintiff. In open court on September 15, 1995, this court ordered that as a condition precedent to the plaintiff calling an expert economist, that expert must be made available for a deposition by the defendants either in Lafayette, Indiana, in the United States courtroom there, or the grand jury room there, or at some other agreeable location at the total expense of the plaintiffs, including the cost of the court reporter and the cost of one counsel for the defendant at $100 per hour for the actual time spent in that deposition. It was also stated in the papers and by the defendants that other witnesses whom the plaintiff did not specifically disclose during discovery are to be called as witnesses.

This court will not permit the calling of any witnesses by the plaintiffs, or indeed by the defendants, who were not fully disclosed during discovery, and in the event that the plaintiffs desire to call further witnesses, those witnesses must be produced in the immediate future, in advance of trial, in the courtroom or grand jury room of the Charles A. Halleck Federal Building in Lafayette, Indiana, or at any other reasonable location mutually agreed upon, so that the defendants can take the deposition of those witnesses at the total cost of the plaintiffs, including an allowance for the attorney fees for one counsel for the defendants at $100 per hour during the actual taking of the deposition. This court re-emphasizes that this case is set for trial and it will go forward to trial as scheduled under the procedures announced by the court in the proceedings held in open court in South Bend, Indiana, on September 15, 1995. **IT IS SO ORDERED.**