Pamela CHESNUT, Appellant–Plaintiff,

v.

Todd A. ROOF, Appellee–Defendant.

No. 80A05–9508–CV–337.

Court of Appeals of Indiana.

May 14, 1996.

Mark Dudley, Max Howard, Anderson, for Appellant.

Indiana Trial Lawyers Association, by P. Gregory Cross, Cross, Marshall, Schuck, DeWesse, Cross & Feick, Professional Corporation, Muncie, for Amicus Curiae.

Robert R. Clark, Scott R. Alexander, Sommer & Barnard, P.C., Indianapolis, for Appellee.

## OPINION

BARTEAU, Judge.

Pamela Chesnut brings this interlocutory appeal to challenge the trial court's order allowing Todd Roof to amend his answer to assert an affirmative defense naming Robert Manship as a nonparty. The dispositive issue is whether Indiana Code section 34–4–33–2, as amended effective July 1, 1995, can be applied retroactively to Chesnut's pending lawsuit against Roof.

## FACTS

On January 11, 1993, Chesnut was injured in a car accident while a passenger in a car driven by her father, Robert Manship, when Manship's car collided with Roof's car. Chesnut filed suit against Roof and Madison County. Madison County has been dismissed. Roof asserted a nonparty defense in his answer and named Robert Manship as a nonparty. Upon motion by Chesnut and stipulation between Chesnut and Roof, the trial court ordered Manship to be stricken as a nonparty. The trial was set for August 21, 1995. On August 15, Roof filed a motion to reconsider the nonparty status of Robert Manship based upon new statutory amendments that would permit naming Manship a nonparty. The trial court granted Roof's motion to reconsider, allowing Roof to amend his answer to assert the nonparty defense.

At the time Chesnut's cause of action accrued, Manship could not be named a nonparty. Indiana Code section 34–4–33–2 (Burns 1986) defined "nonparty" under the Comparative Fault Act as "a person who is, or may be, *liable* to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant." (Our emphasis). Indiana Code section 34–4–40–3 (Burns Supp.1995), the Indiana Guest Statute, precludes Manship's liability to Chesnut; thus, Roof could not name Manship as a nonparty. Indiana Code section 34–4–33–5 (Burns Supp.1995) states that the jury is to be instructed to attribute 100% fault to the parties and nonparties. Because no percentage of fault could be attributed to Manship if he was at fault, his portion of fault would be attributed to Roof.

House Enrolled Act 1741 (Public Law 278–1995), passed by the legislature in 1995, includes amendments to the Comparative Fault Act. Indiana Code section 34–4–33–2 was amended, effective July 1, 1995, to change the definition of "nonparty" to "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." I.C. § 34–4–33–2 (Burns Supp.1995). Under the amended statute, Manship could be named a nonparty and fault could be attributed to him. Thus, Roof sought to amend his answer to assert the nonparty defense.

The question is whether I.C. section 34–4–33–2 as amended applies to this cause of action. Chesnut and the Indiana Trial Lawyers Association, as Amicus Curiae, argue that to apply the amendment would constitute an impermissible retroactive application. Roof argues first that application of the statute is prospective, and second, that even if it is a retroactive application, it is permissible. We heard oral argument on March 11, 1996.

## DISCUSSION

█ Roof initially argues that we do not need to decide whether I.C. section 34–4–33–2 should be applied retroactively in that, according to Roof, its application in this case would be prospective. Roof argues that the amendment in this case is a prospective application because the statute affects the pro-

cedure to be followed at trial to allocate fault. He is correct that I.C. section 34–4–33–5 concerns instructing the jury on the allocation of fault among parties and nonparties, and in that respect affects the procedure at trial. However, I.C. section 34–4–33–2, the amendment at issue here, has nothing to do with the procedure used at trial or with instructing the jury. It defines "nonparty" under the Comparative Fault Act. Thus, Roof's argument that applying I.C. section 34–4–33–2 to this case would be a prospective application is untenable.

■■■ Whether a statute or amendment is to be applied retroactively to pending cases or only prospectively depends upon the legislature's intent. Absent an express indication otherwise, we presume that the legislature intends statutes and amendments to apply prospectively. *Brane v. Roth*, 590 N.E.2d 587, 590 (Ind.Ct.App.1992), *reh'g denied, trans. denied; Turner v. Town of Speedway*, 528 N.E.2d 858, 863 (Ind.Ct.App.1988). Strong and compelling reasons must exist for retroactive application. *Gosnell v. Indiana Soft Water Service*, 503 N.E.2d 879, 880 (Ind. 1987).

■■■ The legislature has made no express statement that the amendment to I.C. section 34–4–33–2 applies retroactively. Roof argues, however, that the legislative intent is clearly expressed. Section 16 of the statute [1] provides that the *new* statutes enacted shall apply to causes of action accruing after June 30, 1995, but for *amendments* to existing statutes, including I.C. section 34–4–33–2, the statute only indicates an effective date of July 1, 1995. Thus, Roof argues, because the amendment to existing I.C. section 34–4–33–2 was not included in the express statement of prospective application, the legislature intended the amendment to have retroactive application. We do not agree.

Case law teaches us that the legislature must explicitly provide for retroactive application. *Brane*, 590 N.E.2d at 590; *Turner*, 528 N.E.2d at 863. We decline to follow Roof's suggestion that the legislature's silence with respect to the amendments is tantamount to an explicit expression of its intention. We agree with Judge Lee, of the United States District Court for the Northern District of Indiana, that this argument "flies in the face of the general rule that 'in the absence of language to the contrary, legislative enactments, including amendments to existing laws, are construed as being prospective in operation.'" *Smith v. Ford Motor Co.*, No. 1:93CV0143 (N.D.Ind. November 2, 1995), mem. op. at 3 [2] (quoting *State v. Denny*, 409 N.E.2d 652, 654 (Ind.Ct. App.1980)). In *Smith*, Judge Lee held that amendments to the Product Liability Act included within the statute and omitted from mention in section 16 were to be applied prospectively only. *See also Brashear v. Leprino Foods Co.*, 897 F.Supp. 1167, 1168–69 (N.D.Ind.1995) (amendment to I.C. 34–4–33–2 is not specifically retroactive; thus, amendment will be applied prospectively only).

Because the legislature did not expressly intend retroactive application, we must presume that the legislature intended the amendment to I.C. section 34–4–33–2 to be applied prospectively only. Roof has not overcome this presumption of prospective application with any strong and compelling reasons for retroactive application. *See Gosnell*, 503 N.E.2d at 880 ("Unless there are strong and compelling reasons, statutes will normally be given prospective application.").

■■■ There are several other reasons that support a determination that the legislature intended the amendment to apply prospectively. First, to ascertain legislative in-

---

1. "SECTION 16. [EFFECTIVE JULY 1, 1995] IC 33–1–1.5–4.5, IC 33–1–1.5–9, IC 33–1–1.5–10, IC 34–4–34–3, IC 34–4–34–4, IC 34–4–34–5, IC 34–4–34–6, and IC 34–4–44.6, all as added by this act, apply to a cause of action that accrues after June 30, 1995."

2. Precedential value of unpublished opinions from district courts depends upon the local rule of the particular court. *Aetna Casualty and Sure-*

*ty Co. v. Kerr–McGee Chemical Corp.*, 875 F.2d 1252, 1255 n. 2 (7th Cir.1989), *reh'g denied.* If there is no rule limiting the precedential value of an opinion in the court issuing the opinion, then the opinion is entitled to "whatever weight the persuasive force of [its] reasoning warrants." *Id.* The U.S. District Court, Northern District of Indiana does not have a local rule limiting the precedential value of unpublished decisions.

tent, we look at the act as a whole and consider each section with reference to all the other sections. *State ex rel. Jacobs v. Marion Circuit Court*, 644 N.E.2d 852, 853 (Ind.1994). We also presume that the legislature would not intend an unreasonable or absurd result. *Heitman v. State*, 627 N.E.2d 1307, 1309 (Ind.Ct.App.1994); *Board of Health v. The Journal–Gazette Co.*, 608 N.E.2d 989, 992 (Ind.Ct.App.1993), *opinion adopted by* 619 N.E.2d 273 (Ind.1993). Indiana Code section 34–4–33–10 (Burns Supp.1995) requires a defendant to name a nonparty at least forty-five (45) days before the expiration of the statute of limitations applicable to the nonparty if the defendant was served with the complaint and summons at least 150 days before expiration of that limitation of action. If the amendment to I.C. section 34–4–33–2 were to be applied retroactively, only those defendants in pending cases still within the 45–day limit would be allowed to benefit from the new law. The legislature surely did not intend such a result.

◼ Second, if we were to accept Roof's argument that the legislature expressly intended that this amendment be applied retroactively, then necessarily the same interpretation would operate with respect to all of the amendments included in the statute. However, amendments that affect existing rights or obligations cannot be applied retroactively. *Brane*, 590 N.E.2d at 590. Other amendments enacted clearly affect substantive rights. For instance, amendments were made to the Product Liability Act abolishing the theory of strict liability in tort for design defect and duty to warn cases, injecting negligence standards in those cases, and making the Product Liability Act applicable to all actions for physical harm brought by a consumer against a manufacturer or seller of a product, regardless of the substantive legal theory. *See* Ind.Code §§ 33–1–1.5–1 and 33–1–1.5–3 (Burns Supp.1995).[3] Another amendment abolished the state of the art defense. *See* Ind.Code § 33–1–1.5–4 (Burns Supp.1995). These amendments clearly affect substantive rights.

Third, a look at the amendment to I.C. section 33–1–1.5–4 and a new section added by the statute provides compelling support for our conclusion that the statutory amendments were intended to be applied prospectively. While the statute was amended to abolish the state of the art defense, a new section was added to provide a rebuttable presumption that the product was not defective if it conformed with the state of the art. Ind.Code § 33–1–1.5–4.5 (Burns Supp.1995). As we have noted above, the legislature specifically provided that I.C. section 33–1–1.5–4.5 would have prospective application only. It does not follow then that I.C. section 33–1–1.5–4 could be applied retroactively. Defendants in actions pending on July 1, 1995, would both be unable to assert the state of the art defense and unable to take advantage of the rebuttable presumption. The legislature could not have intended such an absurd result.

We conclude that I.C. section 34–4–33–2 as amended by the statute has prospective application only. Therefore, the trial court erred in granting Roof's motion to amend his answer to name Manship as a nonparty. The trial court's order is reversed.

RUCKER, and NAJAM, JJ., concur.

---

**3.** Indeed, Judge Lee determined that these amendments could not be applied retroactively because they affected substantive rights and were not merely procedural or remedial. *Smith*, mem. op. at 4–5.