The ESTATE OF James ROBINSON, by the Administratrix Terry Lee ROBINSON, Appellant–Plaintiff,

v.

C&I LEASING, INC. f/k/a Pepsi–Cola Bottling Co., Inc. of Indianapolis, Indiana; Indianapolis Power and Light Company; Lockwood Greene Engineers, Inc.; Bramco Properties, Inc. d/b/a Resco Rents; and Pepsi–Cola Operating Company of Chesapeake and Indianapolis, Inc., Appellees–Defendants.

No. 49A04–9703–CV–89.

Court of Appeals of Indiana.

Feb. 10, 1998.

Geoffrey M. Grodner, Kendra Gowdy Gjerdingen, Mallor Clendening Grodner & Bohrer, Bloomington, for Appellant–Plaintiff.

Richard R. Skiles, Skiles & Cook, Indianapolis, Briane M. House, Indianapolis, Lawrence M. Hansen, Karen S. Horseman, Landau, Omahana & Kopka, Carmel, John C. Trimble, Richard K. Shoultz, Lewis & Wagner, Indianapolis, for Appellees–Defendants.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant the estate of James Robinson (Estate) appeals an adverse ruling on its motion to strike affirmative defenses.

We affirm.

### ISSUE

Robinson presents one issue for our review, which we restate as: whether the trial court erred in applying Ind.Code 34–4–33–2(a) as amended by P.L. 278–1995.

### FACTS AND PROCEDURAL HISTORY

Robinson was an employee of Hall Contracting Company. While working at the premises of C & I Leasing in Indianapolis, Robinson died when a crane he and co-worker Jeff Whitfill were unloading came in contact or near to a high voltage power line on January 24, 1994. The Estate settled a worker's compensation claim against Hall Contracting in Kentucky.

On July 5, 1995, the Estate filed a wrongful death complaint against C & I Leasing, Inc., Indianapolis Power & Light Company, Lockwood Greene Engineers, Inc., Bramco Properties, Inc., Arrow Trucking Company, Broderson Manufacturing Corp., and Pepsi–Cola Operating Company of Chesapeake and Indianapolis, Inc. (hereinafter collectively referred to as the Defendants). In their answer, the Defendants named Hall Contracting and Whitfill as nonparties. The Estate then moved to strike Defendants' affirmative defenses, which the court denied. The court

then approved an order certifying the appeal of the interlocutory order. The Estate now brings this timely appeal. Additional facts will be provided as needed.

### DISCUSSION AND DECISION

At issue in this case is the recent amendment to Ind.Code 34–4–33–2(a)(2) defining "nonparty." Before being amended the statute read: " 'Nonparty' means a person who is or may be liable to the claimant in part or in whole for the damages claimed by the claimant. A nonparty shall not include the employer of the claimant." Ind.Code 34–4–33–2 (Supp.1995). The current definition is: " 'Nonparty' means a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." Ind.Code 34–4–33–2(a)(2) (Supp.1997). This amendment became effective on July 1, 1995. In asserting the affirmative defense and joining the employer, the Defendants rely on the amended definition of nonparty which does not specifically exclude employers. However, the Estate argues that the amendment was not in effect when the death occurred and, therefore, applying it here would be an improper retroactive application, even though the action was not commenced until after the effective date of the amendment.

■ We presume that the legislature intends statutes and amendments to apply prospectively, absent express indication otherwise. To apply an amendment retroactively without a clear legislative indication requires that strong and compelling reasons exist. *Chesnut v. Roof,* 665 N.E.2d 7, 9 (Ind.Ct.App.1996); *Kimberlin v. DeLong,* 637 N.E.2d 121, 124 (Ind.1994), *reh'g denied, cert. denied* (holding that procedural rules can be applied retroactively to a pending case). However, if new legislation only changes a mode of procedure in the law while providing a remedy substantially similar to the existing one and does not create new or take away vested rights, "it will be applied to all cases pending and subsequent to its effective date." *McGill v. Muddy Fork of Silver Creek, Etc.,* 175 Ind.App. 48, 370 N.E.2d 365, 370 (1977).

The application of Ind.Code 34–4–33–2 has already been addressed by this court in *Chesnut,* 665 N.E.2d at 9, in which we stated that "[t]he legislature has made no express statement that the amendment to I.C. section 34–4–33–2 applies retroactively," and that "[w]e conclude that I.C. section 34–4–33–2 as amended by the statute has a prospective application only." *Chesnut,* 665 N.E.2d at 9, 10. However, in *Chesnut* the complaint was filed with the court before July 1, 1995, the effective date of the amendment. Therefore, the case was already pending, and applying the statute would have been a retroactive application which was prohibited by this court. *Id.*

■ Defendants contend that the statute was applied prospectively here, in that the cause was not filed until after the statute took effect. Defendants argue that the amendment altered the way fault is allocated at trial by the fact finder and that this is a procedural issue and that, therefore, the date of filing becomes the crucial date, rather than the date the action accrued. They rely on *Bowles v. Tatom* and *Boone County Rural Electric Member. v. Layton* for the proposition the Indiana Comparative Fault Act is procedural in that it merely alters the allocation of fault. *Bowles v. Tatom,* 546 N.E.2d 1188, 1190 (Ind.1989); *Boone County Rural Electric Membership v. Layton,* 664 N.E.2d 735, 738–741 (Ind.Ct.App.1996), *trans. denied.* We agree that because the amendment was procedural and the action had yet to be commenced when the amendment became effective, the application of the amended statute was not an improper retroactive application.

Although the electrocution occurred prior to the 1995 amendment, the action was not commenced until after the effective date of the amendment. Because the amendment affects the procedure used to reach a conclusion and the remedy provided, it is procedural and the crucial date is when the action was commenced. Therefore, it was not a retroactive application of the statute but a prospective application. The trial court properly applied the law in effect at the time the complaint was filed.

*CONCLUSION*

The trial court properly applied Ind.Code 34–4–33–2 as amended in 1995 to this cause which was commenced after the effective date of the amendment.

Affirmed.

NAJAM and BAKER, JJ., concur.