**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant–Petitioner,**

v.

**ESTATE OF Robert E. RIGGS, Appellee–Respondent.**

No. 33T10–9902–TA–11.

Tax Court of Indiana.

Sept. 20, 2000.

---

Karen M. Freeman-Wilson, Attorney General of Indiana, Kathryn Symmes Kirk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Stephen W. Cook, Cook & Cook, Noblesville, IN, Attorney for Respondent.

FISHER, J.

Appellant Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the probate court's or-

der denying its petition to redetermine the inheritance taxes owed by the transferees of the real and personal property of the decedent, Robert E. Riggs (Robert). The sole issue for the Court's consideration is whether transferees of a decedent dying before the effective date of an amendment increasing an exemption to the state's inheritance tax are entitled to the larger exemption.

## FACTS AND PROCEDURAL HISTORY

The relevant facts are not in dispute. Robert died testate on November 26, 1996, while residing in Henry County, Indiana. Robert's Last Will and Testament bequeathed or devised his entire estate to his three children (Children), the transferees. On August 26, 1997, Robert's Estate was opened.

The Estate on November 25, 1997 petitioned the probate court for a hearing to determine the inheritance tax due. Specifically, the Estate sought a determination as to whether the Children were entitled to the $100,000 exemption (Exemption) provided for by IND.CODE ANN. § 6–4.1–3–10 (West 2000). The probate court conducted a hearing on February 25, 1998. On March 10, 1998, the probate court entered an order allowing the requested exemption.

On July 6, 1998, the Department filed a petition pursuant to IND.CODE ANN. § 6–4.1–7–1 (West 2000) requesting that the probate court grant a rehearing for the purpose of redetermining the amount of inheritance tax due. The probate court conducted a rehearing on July 23, 1998. On October 28, 1998, the probate court entered its order denying the Department's petition.

Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court has jurisdiction to review an appeal from a probate court's redetermination concerning the amount of Indiana inheritance tax due. See IND.CODE ANN. § 6–4.1–7–7 (West 2000). In its review, the Court acts as a true appellate tribunal. See *Department of State Revenue, Inheritance Tax Div. v. Estate of Hardy,* 703 N.E.2d 705, 706 (Ind. Tax Ct.1998). Accordingly, the Court affords the probate court's factual findings a great deal of deference. See *id.* However, the Court reviews the probate court's legal conclusions de novo. See *id.* Accord *Montgomery v. Estate of Montgomery,* 677 N.E.2d 571, 574 (Ind.Ct.App.1997) (noting that Court of Appeals reviews questions of law and trial court's conclusions de novo, "substituting [the Court's] judgment for the trial court's if necessary").

### Discussion

The Department argues that the Children are not entitled to the Exemption as amended, because Robert died in 1996 and the amendment to the Exemption was not effective until July 1, 1997. According to the Department, the date of death controls a transferee's entitlement to the Exemption. The Estate counters that the General Assembly intended to apply the amended Exemption retroactively. This intent, the Estate asserts, is evidenced by the large increase in the Exemption's value as well as by the "legislature's declaration of an emergency and its deviation from its normal practice of specifically declaring the amendment to be applicable to the estates of decedents dying after a particular date." (Appellee's Br. at 10–11.)

■ Indiana's inheritance tax statutes impose, at the time of a decedent's death, a tax on the privilege of succeeding to certain property rights of deceased persons. See IND.CODE ANN. §§ 6–4.1–2–1 to –7 (West 2000); *see also Estate of Hardy,* 703 N.E.2d at 706. The inheritance tax is not imposed on the property itself but, rather, is imposed on the transfer of ownership of the property. See *Estate of Hardy,* 703

N.E.2d at 706. Moreover, the inheritance tax is a lien on the property transferred by the decedent; the tax accrues and the lien attaches at the time of the decedent's death.[1] *See* IND.CODE ANN. § 6–4.1–8–1 (West 2000). The inheritance tax statutes are based upon the ownership theory, which has two requirements for imposition of the tax: (1) a transfer from a decedent (2) of an interest in property that the decedent owned at death. *See Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Morris*, 486 N.E.2d 1100, 1101 (Ind.Ct.App.1985), *trans. denied.*

The General Assembly has provided for various exemptions to the inheritance tax, including the one at issue. *See* IND.CODE ANN. §§ 6–4.1–3–1 to –12 (West 2000). The Exemption provides that the "first one hundred thousand dollars ($100,000) of property interests transferred to a Class A transferee under a taxable transfer or transfers is exempt from the inheritance tax."[2] IND.CODE ANN. § 6–4.1–3–10 (West 2000). At the time of Robert's death, adult children were entitled to a $5000 exemption.[3] The General Assembly, during the first special session in 1997, increased the Exemption to its current level. *See* P.L. 254–1997(ss), § 9. The legislation increasing the Exemption states that the

amendment is effective July 1, 1997. However, it does not state whether the Exemption as amended is effective for transfers of decedents dying before the effective date.

■ The Court may only construe and interpret a statute if it is unclear and ambiguous. *See Shoup Buses, Inc. v. Indiana Dep't of State Revenue*, 635 N.E.2d 1165, 1167 (Ind. Tax Ct.1994). There is no need for the Court to interpret the Exemption, because it is neither unclear nor ambiguous. In both its current and pre-amendment forms, the Exemption clearly is applicable at the time property interests are "transferred ... under a taxable transfer or transfers."[4] IND.CODE ANN. § 6–4.1–3–10. Therefore, for purposes of applying the Exemption, the probate court must ascertain the time of transfer of Robert's assets. If the transfer of property took place before the effective date of the Exemption's amendment, then only the pre-amendment amount is available to the Children.

■ In Indiana, a decedent's death marks the point when his property transfers to his beneficiaries. INDIANA CODE ANN. § 29–1–7–23 (West 1999) provides "When a person dies, his real and personal

1. The inheritance tax does not always accrue at the time of the decedent's death. As provided by IND.CODE ANN. § 6–4.1–6–6(b) (West 2000), "The inheritance tax imposed on the decedent's transfer of a contingent or defeasible interest in property accrues and is due when the transferee of the interest obtains the beneficial enjoyment or possession of the property" if the property's fair market value cannot be ascertained as of the statutory appraisal date. Accordingly, the lien imposed by the inheritance tax does not attach at the time of the decedent's death under these circumstances. *See* IND.CODE ANN. § 6–4.1–8–1 (West 2000).

2. "Class A transferee" means a "transferee who is a lineal ancestor or lineal descendant of the transferor." IND.CODE ANN § 6–4.1–1–3 (West 2000). The Children are Class A transferees, as they are all lineal descendants of Robert.

3. IND.CODE ANN. § 6–4.1–3–9.5 (West 1989) (*repealed by* P.L. 254–1997(ss), § 37) provided that the "first five thousand dollars ($5,000) of property interests which a transferor transfers to each of his children, who is at least twenty-one (21) years of age at the time of the transferor's death, under a taxable transfer or transfers is exempt from the inheritance tax." The Court assumes that, at the time of Robert's death, the Children were at least twenty-one years old and thus entitled to at least a $5000 exemption from the state's inheritance tax. The Court also notes, though, that the Exemption (section 6–4.1–3–10) prior to its amendment in 1997 was $2000; however, by its own terms, the Exemption could not be used in conjunction with the adult child exemption found in section 6–4.1–3–9.5.

4. The parties do not dispute that the property interests involved were transferred as part of taxable transfers, *see* IND.CODE ANN. § 6–4.1–1–14 (West 2000).

property[ ] passes to persons to whom it is devised by his last will ...; but it shall be subject to the possession of the personal representative...." [5]  *See also National City Bank of Evansville v. Oldham,* 537 N.E.2d 1193, 1197 (Ind.Ct.App.1989) (stating that generally "legal title to real property devised by will vests in the devisee upon the decedent's death by operation of law") (citing Section 29–1–7–23), *trans. denied.* Other jurisdictions take this approach. As noted in 42 AM.JUR.2D *Inheritance, Estate, and Gift Taxes* § 180 (2000), "Inheritance taxes are assessed against the donee, and the 'date of transfer,' as used in said statutes is the date of death, although the extent of the inheritance cannot be known until the estate has been administered." *Cf. National Bank of Detroit v. Revenue Div., Mich. Dep't of Treasury,* 406 Mich. 534, 281 N.W.2d 119, 120 n. 1 (1979) ("The date of transfer is the date of death[,] ... because it is on that date that any interest in the estate passes from the decedent to the beneficiaries."). Thus, Robert's death marked the point when his property interests transferred to his Children. The Children may claim only the pre-amendment value of the Exemption. *Cf.* 40 Op. Att'y Gen. 224 (1963) (concluding, upon analysis of similar issue, that a "transfer would have been made and the liability for the [inheritance] tax fixed at the moment of death, and such liability could only be determined in accordance with the statute in effect at the time of death").

■■■ Despite the clearly established law in Indiana that transfers of a dece-

dent's property interests occur at his death, the Estate maintains that the legislature intended to apply the amended Exemption retroactively. The Estate is mistaken. Indiana does not favor retroactive application of statutes and amendments. "Our courts have observed a strict rule of construction against retrospective operation, and indulge in the presumption that the legislature intended statutes and amendments to operate prospectively only, unless the intention is unequivocally and unambiguously shown [otherwise] by necessary implication." *Turner v. Town of Speedway,* 528 N.E.2d 858, 863 (Ind.Ct. App.1988). *See also Mahan v. State Bd. of Tax Comm'rs,* 622 N.E.2d 1058, 1062 (Ind. Tax Ct.1993) (noting general rule that statutes and amendments are to be given prospective effect only). "To apply an amendment retroactively without a clear legislative indication requires that strong and compelling reasons exist." *Estate of Robinson by Robinson v. C & I Leasing, Inc.,* 691 N.E.2d 474, 476 (Ind.Ct. App.1998), *trans. denied.* Exceptions to the general rule exist, and retroactive application may be permitted where the new legislation only changes a mode of procedure, *see Estate of Robinson,* 691 N.E.2d at 476, or where a statute is remedial, *see State ex. rel Ind. State Bd. of Dental Examiners v. Judd,* 554 N.E.2d 829, 832 (Ind. Tax Ct.1990). In deciding whether a statute is remedial, the Court will examine, among other things, the alleged defect or mischief that a statute or amendment seeks to cure. *See id. (citing W.H. Dreves, Inc. v. Osolo Sch. Tp.,* 217 Ind. 388, 391, 28 N.E.2d 252, 254 (1940)).

---

**5.** A personal representative "shall have a right to, and shall take, possession of all the real and personal property of the decedent...." IND.CODE ANN. § 29–1–13–1 (West 1999). Possession, however, does not give the personal representative title to the decedent's property. Likewise, probate of a will does not transfer title to property bequeathed or devised therein; probate of the will merely makes the will "effective for the purpose of proving title to, or the right to the possession of, any real or personal property disposed of by will...." INDIANA CODE ANN. § 29–1–7–24

(West 1999). As noted in 1A JOHN S. GRIMES, HENRY'S PROBATE LAW AND PRACTICE 652–53 (7th ed.1978), "The act of the testator gave [the will] life, his death consummated the title, the probate only ascertains the fact that the instrument is what it purports to be." Note that while the personal representative may not have title to the decedent's property, "In addition to the lien, the transferee of the property and the personal representative ... are personally liable for the inheritance tax." IND.CODE ANN. § 6–4.1–8–1 (West 2000).

■ The amendment to the Exemption should only be applied prospectively, as it is neither procedural nor remedial in nature. The amendment does not change a mode of procedure. Moreover, the Estate provides no evidence indicating that the amendment is designed or intended to cure a defect or mischief existing in a prior statute. In short, no evidence suggests that the General Assembly intended to make the Exemption's amendment retroactive.

The Estate points to the large increase ($98,000) in the Exemption as proof that the General Assembly intended to eliminate the inheritance tax "in an extremely large number of transfers from parents to their children and grandchildren." (Appellee's Br. at 11.) Admittedly, the legislature made a policy decision to shield transfers of a substantially higher amount of a decedent's property from the inheritance tax. However, this fact alone does not indicate that the prior version of the Exemption was in some manner defective or caused mischief.

■ The Estate correctly notes that, in passing the amendment, the General Assembly declared an emergency. *See* P.L. 254–1997(ss), § 38. That an emergency is declared means that the act in question becomes effective "at the same time as the earliest date that any other provision in the act takes effect." IND.CODE ANN. § 1–1–3–3(d) (West Supp.2000). The provisions of P.L. 254–1997(ss) all became effective July 1, 1997. This was an earlier effective date than would have otherwise been allowed under IND.CODE ANN. § 1–1–3–3(c) (West Supp.2000).[6] Thus, while an emergency declaration moves up an act's effective date, it says nothing about whether the act should be applied retroactively.

■ In addition, the Estate contends that the presumption of prospective application of amendments in the present case has been overcome in part by the General Assembly's "historical practice of limiting the amendment's application by specific language...." (Appellee's Br. at 11.) Basically, the Estate maintains that past inheritance tax amendments have expressly limited their applications to individuals dying after certain dates and that, because no similar language of limitation is listed for the amendment at issue, the amendment should apply retroactively. This argument also lacks merit.

The Indiana Court of Appeals has addressed a similar argument. In *Chesnut v. Roof,* 665 N.E.2d 7 (Ind.Ct.App.1996), the Court of Appeals considered whether the General Assembly intended to apply an amendment to the Comparative Fault Act retroactively. In *Chesnut,* the plaintiff-passenger filed suit following her injury in a car accident that occurred on January 11, 1993. At the time her cause of action accrued, the plaintiff's father (the driver of the car in which the plaintiff was traveling) could not be deemed a nonparty pursuant to IND.CODE 34–4–33–2 (1996) (*repealed by* P.L. 278–1998, § 221). Section 34–4–33–2, however, was amended in a manner allowing the father to be named a nonparty; the amendment was made effective July 1, 1995. The Court of Appeals observed that the General Assembly had made no express statement that the amendment to section 34–4–33–2 applied retroactively. *See Chesnut,* 665 N.E.2d at 9. The defendant argued that the act containing the amendment specifically stated that new statutes created by the act applied to only those causes accruing after June 30, 1995, while amendments to existing statutes merely became effective July

---

6. Section 1–1–3–3(c) states: "Except as otherwise provided in subsection (d) [which allows earlier effective dates when an emergency is declared], each provision of each act passed at a special session of the general assembly takes effect on the first day of the third calendar month after the calendar month of sine

die adjournment, unless a different time is specified in the act." Adjournment for the first special session was May 29, 1997, a date approximately one month prior to the effective date established pursuant to the emergency declaration.

1, 1995. According to the defendant, because the amendment was not expressly included in the statement of prospective application, the General Assembly intended the amendment in question to have retroactive application. The Court of Appeals disagreed, stating "Case law teaches us that the legislature must explicitly provide for retroactive application." *Id.* (citations omitted). The Court refused to adopt the defendant's suggestion that the "legislature's silence with respect to the amendments is tantamount to an explicit expression of its intention." *Id.* The Court ultimately concluded that because the General Assembly did not expressly state its intention to apply the amendment retroactively, it must presume that the legislature intended the amendment to section 34–4–33–2 to be applied prospectively only. *See id.*

The Estate makes an argument similar to that asserted by the defendant in *Chesnut*. As in *Chesnut*, the amendment at issue here involves only an effective date, while related provisions specifically limit their application to causes accruing after certain dates.[7] Assuming a pattern exists,[8] the Court, as did the Court of Appeals in *Chesnut*, refuses to accept the General Assembly's silence as an expression of its intention to apply the amendment to the Exemption retroactively. Had the General Assembly intended to apply the amendment retroactively, it would have used explicit, unambiguous language to make its intention known. The Estate also fails to demonstrate that a strong and compelling reason exists to apply the amendment retroactively, absent a clear legislative intent to do so.[9] Therefore, the Court will not apply the amendment to the Exemption retroactively.

Robert's assets transferred to the Children at the time of his death. Robert died on November 26, 1996—approximately seven months before the effective date of the amendment increasing the Exemp-

---

7. The primary difference is that in *Chesnut*, new statutes enacted as part of a single act were at issue, while here various amendments as part of different acts are under consideration. However, this distinction is not important for purposes of the Court's analysis.

8. While the Estate does not show that a "historical practice" in fact is present by referencing specific amendments with words of limitation, the Department concedes that "usually" such language is present, "although not always," and cites an example thereof. (Appellant's Br. at 16) (citing *Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Nichols*, 659 N.E.2d 694, 697 n. 3 (Ind. Tax Ct.1995) (quoting IND.CODE § 6–4.1–2–2 and language for its 1993 amendment stating that the provision "does not apply, however, to individuals who have died before July 1, 1993'")). Moreover, the probate court specifically found that the General Assembly's amendments to inheritance tax laws "generally specify that such amendments are to be effective only to those decedents who die after a specific date, usually the date of the act." (R. at 128.)

9. The Estate claims that the doctrine of amelioration should be applied to give the Children the benefit of the Exemption's increased value. This criminal law doctrine states that a "defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime." *Richards v. State*, 681 N.E.2d 208, 213 (Ind. 1997). Recently, the Indiana Supreme Court in *Indiana Department of Environmental Management v. Medical Disposal Services, Inc.*, 729 N.E.2d 577 (Ind.2000) [*MDSI*] declined to apply this theory in a case involving imposition of civil penalties. The Supreme Court reasoned "As a general rule, the law in place at the time an action is commenced governs. Unless a contrary intention is expressed, statutes are treated as intended to operate prospectively, and not retroactively." *MDSI*, 729 N.E.2d at 581. As explained *supra*, where no contrary intent has been shown by the General Assembly, the Exemption in effect at Robert's death must be used to calculate the Children's inheritance taxes. Applying the Supreme Court's reasoning in *MDSI*, this Court in the present case will not contravene the presumption favoring prospective operation of amendments by applying the doctrine of amelioration to give the Children an inheritance tax exemption greater than what was otherwise available to them.

tion's value. Therefore, the higher value was not available to the Children in determining their inheritance taxes. The probate court erred in denying the Department's request for a redetermination of those taxes.

## CONCLUSION

For the aforementioned reasons, the probate court's decision is hereby RE-VERSED. This case is REMANDED to the probate court with instructions to GRANT the Department's request for a redetermination of the inheritance taxes owed by the Children. The probate court shall determine the Children's inheritance taxes in a manner consistent with this opinion.