OPINION
MAY, Judge.
Charles A. Rupley appeals the trial court’s order concluding the balance of a promissory note executed by Charles and his mother, Ruth Rupley, is an asset of Ruth’s Estate. As it was not, we reverse.
FACTS AND PROCEDURAL HISTORY
In March 2006, Charles and Ruth executed a promissory note:
Charles A. Rupley borrowed $72,500 from Ruth M. Rupley on March 22, 2006. The interest rate is 5. for this note. The note is payable on death to Charles A Rupley.
[Signed by Ruth M. Rupley]
I promise to pay Ruth M. Rupley the sum of $72,500 together with interest at the rate of % per annum. Principal and accrued interest if not sooner paid shall be due and payable on demand or on the death of the either Ruth M. Rupley or Charles A. Rupley, dated March 22, 2006.
[Signed by Charles A. Rupley]
Appellant’s App. p. 12.
Ruth died in October 2008. Her will designated Charles and his brother Michael as co-personal representatives. In March 2009, Charles and Michael filed a petition to probate the will. Shortly thereafter, Michael filed a petition to remove Charles as co-personal representative of the estate. In June 2010, the trial court granted Michael’s motion and appointed 1st Source Bank as the successor personal representative.
In October 2012, 1st Source Bank filed a Petition Requesting Instructions as to Interpretation and Construction and Disposition of Certain Estate Assets, wherein 1st Source Bank asked the trial court to determine whether the note balance: 1) transferred to Charles at Ruth’s death; 2) is an asset of Ruth’s estate; or 3) was forgiven by Ruth upon her death.
At a hearing on the petition, Charles argued the Indiana Transfer on Death Property Act applies retroactively to the note and pursuant to the Act, the transfer on death provision in the note transferred *902 it to Charles when Ruth died. Michael, on the other hand, argued the Act does not does not apply retroactively to the note, which constitutes an invalid attempt to make a testamentary transfer. On May 17, 2013, the trial court issued an order summarily instructing 1st Source Bank to include the note as an asset of Ruth’s estate.
DISCUSSION AND DECISION
Charles contends the trial court erred in concluding the promissory note executed by Ruth and Charles in 2006 is an asset of the Estate. We must first determine whether the Transfer on Death Property Act, enacted in 2009, applies retroactively to the 2006 promissory note.
Whether a statute or amendment is applied retroactively to a pending case depends on the legislature’s intent. Chesnut v. Roof, 665 N.E.2d 7, 9 (Ind.Ct.App.1996). Absent an express indication otherwise, we presume the legislature intends statutes and amendments to apply prospectively only. Id. To ascertain legislative intent, we look at the act as a whole and consider each section with reference to all other sections. Id. at 9-10.
The Transfer on Death Property Act clearly indicates that it applies retroactively to a “transfer on death security, transfer on death securities account, and pay on death account created before July 1, 2009.” Ind.Code § 32-17-14-2(a). By its terms, the promissory note in this case, which states that it is payable .upon death to Charles, is a pay on death account created before July 1, 2009. The Transfer on Death Property Act therefore applies retroactively to it.[1]
We now turn to Ind.Code § 32-17-14-4(d), which explains that a statutory transfer on death directive is accomplished in a form substantially similar to the following: 1) insert the name of the owner or owners; 2) insert transfer on death to, TOD, pay on death to, or POD, and insert the name of the beneficiary or beneficiaries. Here, the promissory note includes the name of the owner, Ruth, and the beneficiary, Charles. It includes language directing the note is payable on death to Charles. Because the promissory note meets the statutory requirements of a pay on death account, the note should have transferred directly to Charles upon Ruth’s death. It is not an asset of Ruth’s estate, and the trial court erred in so concluding.
Reversed.
VAIDIK, C.J., concurs.
RILEY, J., concurs in part and dissents in part with separate opinion.

. Michael argues that the statute does not apply because retroactive application would "adversely affect a right given to an owner or beneficiary.” See Ind.Code § 32-17-14-2(a)(1). However, this argument is not persuasive because the Estate is neither an owner (Ruth) nor a beneficiary (Charles) of the promissory note.