PINNACLE PROPERTIES
DEVELOPMENT GROUP,
LLC., Appellant–Plaintiff,

v.

CITY OF JEFFERSONVILLE,
Indiana, Appellee–
Defendant.

No. 10A01–0610–CV–422.

Court of Appeals of Indiana.

Oct. 22, 2007.

William P. McCall, III, Jeffersonville, IN, Attorney for Appellant.

Leslie D. Merkley, R. Scott Lewis Jeffersonville, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Pinnacle Properties Development Group, LLC ("Pinnacle") appeals a ruling that the City of Jeffersonville ("City") could transfer the delinquent sewer accounts of Pinnacle's tenants to Pinnacle's accounts.[1] We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Pinnacle owns several rental properties in Jeffersonville. The lease agreements provide the tenants are responsible for all utilities, including sewer. As permitted by Jeffersonville Ordinance 90–OR–60, the City billed Pinnacle's tenants for sewer usage directly. If a tenant moved from a property without paying the balance due, the City would transfer the unpaid balance to Pinnacle's account for that property. Pinnacle objected to the City's practice and sought declaratory judgment that the City had no authority to do so.

The trial court entered findings of fact and conclusions of law, ultimately concluding: "The City is authorized to bill Pinnacle for sewer bills incurred by Pinnacle's tenants because Pinnacle is the property owner as [sic] such bills are assessed against the real property pursuant to I.C. 36–9–23." (App. of Appellant at 27.)

## DISCUSSION AND DECISION

When the trial court enters findings of facts and conclusions of law, its decision will not be set aside unless it is clearly erroneous. *Fraley v. Minger,* 829 N.E.2d 476, 482 (Ind.2005). A judgment is clearly erroneous when there is no evidence supporting the findings, the findings do not support the judgment, or the trial court applies the wrong legal standard to properly found facts. *Id.* We will neither reweigh the evidence nor reassess the credibility of the witnesses before the court. *AmRhein v. Eden,* 779 N.E.2d 1197, 1206 (Ind.Ct.App.2002). Rather, we affirm if there is sufficient evidence of probative value to support the decision, viewing the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *Id.* We review conclusions of law *de novo. Id.* In order to determine a finding or conclusion is clearly erroneous, we must be left with a firm conviction that a mistake has been made. *Fraley,* 829 N.E.2d at 482.

Ind.Code ch. 36–9–23 governs municipal sewage works. Ind.Code § 36–9–23–25(a) requires the municipality to, "by ordinance, establish just and equitable fees for the services rendered by the sewage works, and provide the dates on which the fees are due."

In accordance therewith, the City passed Jeffersonville Ordinance 90–OR–60, which provides in pertinent part:

Section 6. Such rates and charges shall be prepared, billed and collected by the City in the manner provided by law and ordinance.

(a) The rates and charges for all users shall be prepared and billed monthly . . . .

(b) The rates and charges may be billed to the tenant or tenants occupying the properties served, unless otherwise requested in writing by the owner, but such billing shall in no way relieve the owner from the liability in the event payment is not made as herein re-

---

1. The City asserts this case is about whether Pinnacle will be "relieved of its statutory liability" for sewer service. (Appellee's Br. at 6.) Pinnacle is not asking to be "relieved of that obligation." (*Id.*) Rather, Pinnacle is questioning only whether the City may transfer a tenant's balance to Pinnacle's accounts without giving notice to Pinnacle.

quired. The owners of properties served, which are occupied by a tenant or tenants, shall have the right to examine the collection records of the City for the purpose of determining whether bills have been paid by such tenant or tenants, provided that such examination shall be made at the office at which said records are kept and during the hours that such office is open for business.

(c) As is provided by statute, all rates and charges not paid when due are hereby declared to be delinquent and a penalty of ten percent (10%) of the amount of the rates or charges shall thereupon attach thereto. The time at which such rates or charges shall be paid is now fixed at seventeen (17) days after the date of mailing of the bill.

(Ex. at 40.)

That Ordinance does not provide authority for the City to transfer a delinquent tenant account to the property owner's account without notice. Ordinance 90-OR-60 permits tenant billing, explains when bills are delinquent, and preserves property owner liability for delinquent sewer bills, but it does not establish a procedure for collecting delinquent sewer bills. Rather, the ordinance provides only

"charges shall be prepared, billed and collected by the City in the manner provided by law and ordinance." (Ex. at 40.)

Because the City's Ordinance does not provide a mechanism for collection, we look to Ind.Code ch. 36–9–23, which gives the City authority to set up sewage works. Under that Chapter, the City may sue to recover delinquent sewer fees. *See* Ind. Code § 36–9–23–31 (delinquent fees "may be recovered by the board in a civil action in the name of the municipality").[2] If the City had collected a deposit, it could have applied the deposit, and any interest accrued thereon, to the outstanding balance after service was terminated. *See* Ind. Code § 36–9–23–28 (permitting collection of deposit equal to three months of service and providing application of that deposit to any outstanding balance). Finally, the City could place a statutory sewer lien on Pinnacle's property pursuant to Ind.Code § 36–9–23–32,[3] and foreclose the lien by following the procedures in Ind.Code §§ 36–9–23–33 and –34.

Ind.Code ch. 36–9–23 does not authorize a municipality to collect a delinquent sewer bill by any other means. *See* Ind.Code § 36–9–23–28 ("Any excess [balance] that remains due after application of the [deposit] forfeiture may be collected in the manner prescribed by section 31 or 32 of

2. Because Ind.Code § 36–9–23–31 so provides, the trial court erroneously concluded Ind.Code § 36–9–23–32 was the City's "exclusive remedy." (App. at 26.) That statute does not limit who may be sued, so we find questionable the court's conclusion the City's only remedy is "to pursue the property owner." (*Id.*)

3. A municipality may place a statutory lien on property for nonpayment of sewer fees:
(a) Fees assessed against real property under this chapter ... constitute a lien against the property assessed. The lien is superior to all other liens except tax liens. Except as provided in subsections (b) and (c), the lien

attaches when notice of the lien is filed in the county recorder's office under section 33 of this chapter.

\* \* \* \* \*

(c) A lien attaches against real property occupied by someone other than the owner only if the utility notified the owner within twenty (20) days after the time the utility fees became sixty (60) days delinquent. However, the utility is required to give notice to the owner only if the owner has given the general office of the utility written notice of the address to which the owner's notice is to be sent.
Ind.Code § 36–9–23–32.

this chapter."). Therefore, the trial court erred in holding the City could collect delinquent tenant bills by transferring the overdue balance from the tenant to the property owner without notice. *See* Ind. Code § 36–1–3–6(a) (when a statutory provision requires a power to be exercised in a specific manner, the municipality must exercise the power in that manner).

Reversed and remanded.

SHARPNACK, J., and BAILEY, J., concur.