ATTORNEYS FOR APPELLANT
Preston T. Breunig
Martha L. Westbrook
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Thomas M. Fisher
Solicitor General of Indiana

Julie A. Hoffman Brubaker
Terry Tolliver
Heather L. Hagan
Deputy Attorneys General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

**FILED**
May 27 2008, 12:21 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

_____

No. 49S02-0801-CV-16

NU-SASH OF INDIANAPOLIS, INC.
D/B/A MCKEE SUNROOM DESIGNS,

*Appellant (Respondent below),*

v.

STEVE CARTER,
INDIANA ATTORNEY GENERAL,

*Appellee (Petitioner below).*

_____

LIBERTY PUBLISHING, INC.
D/B/A BOOSTER CLUB PRODUCTIONS,                *Appellant (Respondent below).*[1]

_____

Appeal from the Marion Superior Court, No. 49D06-0605-PL-021739
The Honorable Thomas J. Carroll, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0606-CV-502

_____

**May 27, 2008**

_____

[1] This is a consolidated appeal involving Nu-Sash and Liberty Publishing, Inc. Liberty Publishing has not sought transfer.

**Boehm, Justice.**

The Attorney General is authorized by statute, Ind. Code §§ 4-6-3-1 to -12 (2004), to seek a court order enforcing a civil investigative demand for information relevant to an investigation of potential violations of specified laws. In addition to meeting the requirements listed in sections 4 and 5 of the statute, the Attorney General must meet the requirement in section 6 that the Attorney General "demonstrate to the court that the demand is proper." We hold that section 6 requires that the Attorney General establish by evidence or other procedure authorized by the Indiana Trial Rules that an investigation is being conducted concerning potential violation of a statute enforced by the Attorney General, and that there are reasonable grounds to believe that the person to whom the CID is directed has information relevant to the investigation.

### Facts and Procedural History

On April 27, 2006, the Indiana Attorney General issued a Civil Investigative Demand ("CID") to Nu-Sash of Indianapolis, Inc. The CID stated that the Attorney General

> has reasonable cause to believe that [Nu-Sash] may be in possession, custody, or control of documentary material, or may have knowledge of a fact that is relevant to an investigation being conducted to determine whether Respondent, NuSash of Indianapolis, Inc., d/b/a McKee Sunroom Designs, may be in violation of Indiana Home Improvement Contracts Act, Ind. Code § 24-5-11-1 et seq., by failing to provide consumers with written home improvement contracts containing the terms required by Ind. Code § 24-5-11-10.

Attached to the CID were interrogatories and requests for production. Among other things, the CID demanded that Nu-Sash identify "each consumer with whom you have entered into a home improvement contract between September 29, 2004 and April 14, 2006" and "[p]roduce a copy of each license, permit, registration, or certification issued by the counties, municipalities, and other political subdivisions issued to relating to your construction of home improvements between September 29, 2004 and April 14, 2006." The CID demanded a response by May 12, 2006. The parties stipulate that Nu-Sash failed to respond formally to the CID.

On May 25, 2006, the Attorney General filed a "Petition to Enforce Civil Investigative Demand" in Marion Superior Court. The petition alleged that Nu-Sash is "an Indiana corporation engaged in the business [of] selling windows, siding and constructing sunrooms." The peti-

2

tion also alleged that "[f]rom information provided in consumer complaints, the Attorney General has reason to believe that [Nu-Sash] may be in possession, custody, or control of documentary material, and may have knowledge of facts that are relevant to an investigation" of whether Nu-Sash violated the Indiana Home Improvement Contracts Act. The petition further alleged that Nu-Sash failed to respond to the CID, and requested an order requiring Nu-Sash's response. No evidence was attached to support the petition, which was not verified, and no subsequent motion for summary judgment was filed.

After a hearing on the petition at which neither party presented evidence, the trial court ordered Nu-Sash to respond to the CID within ten days. Nu-Sash appealed this order.

The Court of Appeals reviewed the trial court's order for abuse of discretion and affirmed, concluding that the trial court did not abuse its discretion because the Attorney General met the statutory requirements for issuing a CID, and therefore the petition was proper. Liberty Publ'g, Inc. v. Carter, 868 N.E.2d 1142, 1144–45 (Ind. Ct. App. 2007), reh'g denied. We granted transfer.

**Standard of Review**

The parties dispute the proper standard of review of a trial court's order enforcing a CID. Only one appellate case has reviewed such an order. In Auto-Owners Insurance Co. v. State, 692 N.E.2d 935, 938 (Ind. Ct. App. 1998), the plaintiff argued that the trial court "abused its discretion," but the Court of Appeals decided the case on grounds of waiver and statutory interpretation and did not discuss the standard of review. Id. at 938–39.

Nu-Sash argues that review is de novo because the issue is one of statutory interpretation, and therefore presents only questions of law. The Attorney General responds that review should be for abuse of discretion because rulings on CIDs are discovery rulings. The Attorney General is correct that a CID is in some respects akin to a discovery device. But the petition in this case invoked a procedure governed by statute, not a discovery ruling in a pending lawsuit governed by the Trial Rules. The Attorney General has only the authority granted by statute to issue a CID. The question is what, if any, evidentiary requirements the statute authorizing CIDs imposes upon the Attorney General. This is a question of statutory interpretation subject to de novo

3

review.  In re Guardianship of E.N., 877 N.E.2d 795, 798 (Ind. 2007) (citing Porter Dev., LLC v. First Nat'l Bank of Valparaiso, 866 N.E.2d 775, 778 (Ind. 2007)).

**Requirements for a Petition to Enforce a Civil Investigative Demand**

The General Assembly has given the Attorney General authority to issue CIDs to investigate violations of specified laws.  Ind. Code §§ 4-6-3-3 to -6 (2004).  The listed statutes include the Home Improvement Contracts Act, because it is a "statute enforced by the attorney general." Id. §§ 24-5-11-10, -14.  The Attorney General may issue a CID if he has "reasonable cause to believe that a person may be in possession, custody, or control of documentary material, or may have knowledge of a fact that is relevant to an investigation conducted to determine if a person is or has been engaged in" a violation of one of the specified laws.  Id. § 4-6-3-3.  A CID may request production of documents for inspection, copying, or reproduction; answers under oath to written interrogatories; or appearance and testimony under oath before the Attorney General or his representative.  Id.  Section 4 of the statute requires that the CID be in writing and contain

(1)    A general description of the subject matter being investigated and a statement of the applicable provisions of law.

(2)    The date, time, and place at which the person is to appear, answer written interrogatories, or produce documentary material or other tangible items. The date shall not be less than ten (10) days from the date of service of the demand.

(3)    Where the production of documents or other tangible items is required, a description of those documents or items by class with sufficient clarity so that they might be reasonably identified.

Id. § 4-6-3-4.  Section 5 provides some limitations on a CID.  A CID may not contain a requirement that would be unreasonable if contained in a subpoena, and may not require disclosure of privileged information.  Id. § 4-6-3-5.

If the person to whom a CID is directed objects or fails to respond, the Attorney General may file an application for an order to enforce the CID in the county in which the person resides or has a principal place of business.  Id. § 4-6-3-6.  The trial court is to hold a hearing, at which the Attorney General "must demonstrate to the court that the demand is proper."  Id.  "If the court finds that the demand is proper," it must order compliance with the CID, with any modifications "which justice requires."  Id.  The court may order either party to pay the other's reason-

4

able expenses, including attorneys' fees, "[i]f the court finds that either party has acted in bad faith in seeking or resisting the demand." Id.

The parties dispute whether filing an unsworn petition is a sufficient showing for enforcement of a CID, assuming the requirements of sections 4 and 5 of the statute are met. Nu-Sash points to the requirement in section 6 that the Attorney General "demonstrate to the court that the demand is proper." Nu-Sash contends that this language "puts some type of affirmative burden on the attorney general other than simply the filing of the Petition to Enforce." Nu-Sash explains that if the Attorney General needed only to file a petition, alleging that the CID met the statutory requirements, the trial court would serve merely as a "rubber stamp." Nu-Sash points out that the statute does not permit the Attorney General to enforce a CID without judicial action, and argues that the need to invoke the judicial process is in place to protect citizens and businesses from unnecessary intrusion and the expense of responding to unjustified CIDs.

We agree with Nu-Sash that the requirement of section 6 that the Attorney General "demonstrate to the court that the demand is proper" places a burden, albeit a small one, on the Attorney General. The Attorney General needs to establish only that there is an investigation and that there are reasonable grounds to believe that the person to whom the CID is directed has information relevant to that investigation. Failure to meet any of the other requirements for issuance of a CID (imprecise time and place of response, "reasonable" demand, etc.) are in the nature of objections that the respondent may raise. The initial propriety of the demand is satisfied by demonstrating that there is an investigation and the respondent is reasonably believed to have relevant information. Demonstration can be by a verified petition, affidavit, or testimony or other admissible evidence presented at a hearing. But naked allegations in a petition are insufficient.

The CID statute contemplates a role for the trial court in ordering the enforcement of the CID, making necessary modifications to the CID, and determining whether the CID has been issued or resisted in bad faith. Id. A petition to enforce invokes the judicial power of the State. As such, it is subject to the Trial Rules and the Rules of Evidence. One does not "demonstrate" anything to a court by filing an unsworn allegation. See Ind. Univ. Med. Ctr. v. Logan, 728 N.E.2d 855, 858 (Ind. 2000) ("Unsworn statements and unverified exhibits do not qualify as

5

proper Rule 56 evidence." (citing <u>Kronmiller v. Wangberg</u>, 665 N.E.2d 624, 627 (Ind. Ct. App. 1996))). There is no allegation of abuse in this case, but history teaches that power can be and has been abused. Requiring the Attorney General to provide at least a verified petition to enforce affords all citizens some protection against "fishing expeditions" or retaliatory or abusive CIDs that are unrelated to legitimate investigations, and imposes a mild deterrent to arbitrary use of government authority.

Indeed, where there is a legitimate purpose for a CID, it is difficult to imagine a scenario in which it is burdensome to require that someone attest under penalties of perjury that there is an investigation under one of the statutes for which a CID is proper. Similarly, it will ordinarily be no problem to establish facts showing it is reasonable to believe the person to whom the CID is directed has relevant information. In this case the fact that Nu-Sash is or was in the home im-provement business would do the trick. Despite the ease with which these requirements could presumably be met in this case, we nonetheless reverse the enforcement order to assure that fu-ture CIDs are issued and enforced with the thoughtfulness and care the statute requires.

**Conclusion**

The order of the trial court requiring compliance with the CID is reversed.

Shepard, C.J., concurs, understanding that had the petition in this case been verified the trial court's order would have been affirmed.

Dickson and Sullivan, JJ., concur.

Rucker, J., did not participate.

6