ATTORNEY FOR APPELLANT
William P. McCall, III
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE
Leslie D. Merkley
Jeffersonville, Indiana

R. Scott Lewis
Jeffersonville, Indiana

In the
Indiana Supreme Court

**FILED**
Sep 17 2008, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 10S01-0805-CV-302

PINNACLE PROPERTIES DEVELOPMENT
GROUP, LLC,

*Appellant (Plaintiff below),*

v.

CITY OF JEFFERSONVILLE, INDIANA,

*Appellee (Defendant below).*

Appeal from the Clark County Circuit Court, No. 10C01-0512-PL-784
The Honorable Daniel F. Donahue, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 10A01-0610-CV-422

**September 17, 2008**

**Boehm, Justice.**

The City of Jeffersonville provides sewer service under the general statute authorizing municipalities to provide this service. The City bills tenants directly for sewer service. We hold that the City may transfer a tenant's delinquent balance to the property owner's account without notice to the owner because the property owner is ultimately responsible for payment of sewer fees.

**Facts and Procedural History**

Pinnacle Properties Development Group, LLC owns rental properties in the City of Jeffersonville. Pinnacle's leases provide that its tenants are responsible for utilities, including sewer service. A city ordinance authorizes the City to bill tenants directly for sewer service unless the property owner requests otherwise. Jeffersonville, Ind., Ordinance 90-OR-60 (Dec. 12, 1990). Apparently Pinnacle has made no such request, and the City bills Pinnacle's tenants directly for sewer service. When a lease terminates, the City sends a final bill to the tenant. If that bill remains unpaid for sixty days, the City automatically transfers any delinquent balance to Pinnacle's account for the property, or occasionally to the account of new tenants at the same address. Although the City may collect these delinquent balances by foreclosing on the properties, it has not done so against any of Pinnacle's properties.

Pinnacle objected to the City's transferring of delinquent balances to the owner, claiming it caused Pinnacle "an extraordinary amount of unnecessary paperwork and costs." Pinnacle then brought this action, seeking a declaratory judgment that the City lacked legal authority to transfer delinquent balances. The trial court found that the City had complied with all statutes and ordinances, and that chapter 36-9-23 of the Indiana Code authorized the City to bill Pinnacle for sewer bills incurred by its tenants. The Court of Appeals reversed, holding that the ordinance and statutes do not explicitly authorize the collection of tenants' delinquent balances by transferring them to the property owner's account. Pinnacle Props. Dev. Group, LLC v. City of Jeffersonville, 875 N.E.2d 301, 303–04 (Ind. Ct. App. 2007), reh'g denied. We granted transfer.

**Standard of Review**

Whether the City may transfer tenants' delinquent sewer balances to the property owner's account is a question of statutory interpretation subject to de novo review. Nu-Sash of Indianapolis, Inc. v. Carter, 887 N.E.2d 92, 95 (Ind. 2008) (citing In re Guardianship of E.N., 877 N.E.2d 795, 798 (Ind. 2007)).

**Transfer of Tenants' Delinquent Sewer Balances**

Pinnacle argues that neither the Indiana Code nor the city ordinance authorizes the City to transfer tenants' delinquent sewer balances to its account for the property. The City responds

that the statutes and ordinance make clear that property owners remain responsible to pay for sewer service, and that the City bills tenants as a convenience to property owners. We agree with the City. Although the statutes do not specifically authorize a municipality to transfer tenants' delinquent sewer balances to the property owner's account, the liability is the owner's. Billing the tenant is a convenience afforded the owner, but the owner is ultimately responsible for the sewer service. As a result, the City may bill the owner when the tenant fails to pay.

Indiana Code chapter 36-9-23 authorizes municipalities to operate sewage works, including sewage treatment plants, sewer branches and mains, and sewage stations. The statute governs collection of sewer fees, which are set by the municipal legislative body and are "payable by the owner" of each piece of realty connected to the sewer system. Ind. Code § 36-9-23-25(a), (c) (2004). The municipality may require "owners, lessees, or users of property served by the works" to pay a deposit of not more than the estimated average payment for three months of service. Id. § 36-9-23-28(a)–(b). Fees not paid by the due date set by the municipality become delinquent and incur a ten-percent penalty. Id. § 36-9-23-31.

The statutes authorize recovery of delinquent fees and penalties in three ways. First, if a user fails to pay for service within sixty days of service termination, the municipality may apply the deposit toward the user's outstanding fees and penalties. Id. § 36-9-23-28(d)–(e). Second, the municipality may bring a civil action to recover fees, penalties, and reasonable attorney's fees. Id. § 36-9-23-31. Third, the municipality may file a lien against the property served. Id. § 36-9-23-32. The lien may be foreclosed to satisfy fees, penalties, and reasonable attorney's fees. Id. § 36-9-23-34(a).

Sections 36-9-23-32 and -33 describe the lien process. The municipal officer responsible for collection of delinquent fees and penalties files a lien with the county recorder in the form of either a list of owners and properties or an individual lien for each property. Id. § 36-9-23-33(b). The officer must notify each property owner that a lien has been recorded. Id. § 36-9-23-33(c). With two exceptions, when notice of the lien is filed with the county recorder, the lien attaches and becomes enforceable by foreclosure against the property. Id. § 36-9-23-32(a).

The first exception, not relevant here, deals with the transfer of ownership before a lien is filed. Id. § 36-9-2-32(b). The second is found in section 36-9-23-32(c):

3

> A lien attaches against real property occupied by someone other than the owner only if the utility notified the owner within twenty (20) days after the time the utility fees became sixty (60) days delinquent. However, the utility is required to give notice to the owner only if the owner has given the general office of the utility written notice of the address to which the owner's notice is to be sent.

Pinnacle argues that this section does not permit transfer of a delinquent bill to the owner's account before the expiration of the sixty-day period. We disagree. This section provides for creation of a lien, which is an enforcement mechanism. It does not affect the ultimate liability for fees, which are "payable by the owner." Id. § 36-9-23-25(c). The reference to notice in section 36-9-23-32(c) is a requirement for creation of a lien on the property, but does not affect the obligation of the owner to pay for the service.

The only statutory provision arguably relevant here is section 36-9-23-12.5, which provides for bill forwarding: "Whenever a sewer user moves to a different residence from the one being supplied service, but within the same municipality, the sewer utility shall forward the user's final sewer bill to the new address." In Williams v. City of Indianapolis Dep't of Pub. Works, 558 N.E.2d 884, 888 n.6 (Ind. Ct. App. 1990), trans. denied, the Court of Appeals held that this section requires the municipality to forward the final bill, but not the account balance, from one property to another. The General Assembly has not amended the statute in response to Williams, and we see no reason to disturb that holding. Because this section does not affect the owner's account balance, it is irrelevant to the question of ultimate liability for the service.

In sum, the statutes provide that owners are responsible for the fees incurred by renters, and those fees can be collected from the deposit or by a civil action. However, the statutes do not require municipalities to collect delinquent fees from tenants. Ultimately, whoever owns the property at the time fees are incurred remains responsible for the fees, and the municipality can foreclose a lien against the property.

Within this statutory framework, the City of Jeffersonville enacted Ordinance 90-OR-60. Section 6(b) of that ordinance provides that

> The rates and charges may be billed to the tenant or tenants occupying the properties served, unless otherwise requested in writing by the owner, but such billing shall in no way relieve the owner from the liability in the event payment is not made as herein required. The owners of properties served, which are occupied by a tenant or tenants, shall have the right to examine the collection records of the City for the purpose of determining whether bills have been paid by such tenant or

4

tenants, provided that such examination shall be made at the office at which said records are kept and during the hours that such office is open for business.

Although the City is free to collect a deposit from the tenant or bring a civil action against the tenant for delinquent fees, this ordinance does not shift the responsibility for sewer service from the property owner to the tenant. The legislature may choose to prohibit or restrict transfers of delinquent fees. In some areas it has required the municipality to notify the property owner of a tenant's delinquency. I.C. § 36-9-25-11.2 (requiring municipal sewage services in Lake and La-Porte Counties and the City of Indianapolis to notify property owners when a tenant fails to pay fees within thirty days). But the City of Jeffersonville is governed by the general statute authorizing municipalities to provide sewer services, which includes no such requirement.

We acknowledge that the City's practice may inconvenience Pinnacle. By the time Pinnacle learns of a tenant's delinquency, it may be too late for Pinnacle to track down and collect from the tenant under the lease. But Pinnacle is not without means to address this risk of doing business. As permitted in the ordinance, Pinnacle could opt out of the City's tenant billing program and bill tenants individually or include an average sewer charge in the rent amount. The ordinance also permits Pinnacle to examine the City's collection records each month to determine whether its tenants are current on their sewer bills. Pinnacle could also collect additional deposit money from its tenants to cover any delinquent fees.

### Conclusion

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

5