**FOR PUBLICATION**



FILED

Sep 10 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GLADYS M. WHITFIELD**
Indianapolis, Indiana

**DEA C. LOTT**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| H. M., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1304-CR-157 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Anne M. Flannelly, Judge Pro Tempore
Cause Nos. 49G04-0201-MC-020533; 49G04-0003-MC-40735;
49G04-9405-MC-52823; and 49G04-9312-MC-162941

**September 10, 2013**
**OPINION - FOR PUBLICATION**

**RILEY, Judge**

Appellant-Petitioner, H.M., appeals the trial court's summary denial of his four petitions to restrict the disclosure of arrest records pursuant to Ind. Code § 35-38-5-5.5.[1]

We affirm.

ISSUES

H.M. raises two issues which we restate as follows:

(1) Whether the trial court properly denied H.M's petitions pursuant to I.C. § 35-38-5-5.5; and

(2) Whether the trial court properly denied relief to H.M. pursuant to Admin. R. 9(G)(1)(g).

FACTS AND PROCEDURAL HISTORY

On February 15, 2013, H.M. filed four petitions to restrict the disclosure of his records related to four separate arrests to a noncriminal justice organization or an individual. Each of these arrests occurred in Marion County, Indiana and none resulted in a conviction. Specifically, in December of 1993, police officers arrested H.M. for battery. The State did not file any charges. In May of 1999, H.M. was arrested for public intoxication, disorderly conduct, and criminal trespass. The State declined to file charges. In March of 2000, H.M. was arrested for operating a vehicle while intoxicated

---

[1] We note that this statute has been repealed by Public Law 194-2013, effective July 1, 2013, and replaced by the current I.C. § 35-38-9 (2013); however, as H.M.'s petition was filed on February 15, 2013 and the trial court's summary denial occurred on March 14, 2013, such legislative action has no effect in this case.

and driving while suspended. The State did not bring any charges. Lastly, in January of 2002, a police officer arrested H.M. for theft and receiving stolen property. The State did not file a charging Information.

On March 7, 2013, the trial court conducted a hearing on H.M.'s petitions. Subsequently, on March 14, 2013, the trial court summarily denied his petitions in a single Order, finding that "I.C. § 35-38-5-5.5 applies to those cases in which a person is charged with a crime[.]" (Appellant's App. p. 15).

H.M. now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Indiana Code section 35-38-5-5.5*

H.M. contends that the trial court erred when it summarily denied his petitions, filed pursuant to I.C. § 35-38-5-5.5, to restrict the disclosure of records related to four arrests.

Whether H.M. can restrict the disclosure of his arrest records is a question of statutory interpretation and subject to a *de novo* review. *See Pinnacle Properties Dev. Group, LLC. v. City of Jeffersonville*, 893 N.E.2d 726, 727 (Ind. 2008). In such interpretation, the express language of the statute and rules of statutory interpretation apply. *Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*. We will examine the statute as a whole and avoid excessive reliance on a strict literal meaning or the selective reading of words. *Id.* Where the language of the statute is clear and unambiguous, there is nothing to construe. *Id.* However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to

3

give effect to the legislature's intent. *Id.* The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. *Id.* Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction. *Id.*

Indiana Code section 35-38-5-5.5 restricts the disclosure of records and states, in pertinent part, that:

> (a) If a person charged with a crime:
>     (1) is not prosecuted or if charges against the person are dismissed;
>     (2) is acquitted of all criminal charges; or
>     (3) is convicted of the crime and the conviction is subsequently vacated;
> the person may petition a court to restrict disclosure of the records related to the arrest to a noncriminal justice organization or an individual.

Focusing on the statutory requirement that a person has to be "charged" with a crime, H.M. contends that the arresting officers charged him with a specific crime in each case and therefore, as the State decided not to prosecute, he falls within the parameters of the statute and access to his arrest records should be restricted.

We agree with H.M. that "charge" or "to charge" is not defined by our criminal statutes. Undefined words in a statute are given their plain, ordinary, and usual meaning. *600 Land, Inc. v. Metropolitan Bd. of Zoning Appeals of Marion Co.*, 889 N.E.2d 305, 309 (Ind. 2008). In determining the plain and ordinary meaning of a term, courts may use English language dictionaries as well as consider the relationship with other words and phrases. *Id.* Charge is defined as "a formal accusation of an offense as a preliminary step to prosecution." BLACK'S LAW DICTIONARY 248 (8th ed. 2004). "Any crime may be charged by indictment or information" by the prosecuting attorney. I.C. § 35-34-1-1(a).

4

Whereas a law enforcement officer may arrest a person, a "criminal prosecution may be commenced only by the filing of an information or indictment." I.C. § 35-33-1-1; *Epperson v. State*, 530 N.E.2d 743, 746 (Ind. Ct. App. 1988). In *Wurster v. State*, 715 N.E.2d 341, 344 (Ind. 1999), *reh'g denied*, our supreme court noted:

> In Indiana, the voters of each county elect a prosecutor every four years. Once elected, these officials acquire the awesome power to bring any citizen into court to face criminal charges. This may be done by information or by indictment, subject only to the procedural checks built into each process. If an information is used, the prosecutor alone bears responsibility for the decision to charge the defendant. If the prosecutor chooses to proceed via grand jury indictment, the grand jury shares that responsibility.

As such, it is clear that a person is only charged with a crime when the prosecuting attorney files an information or indictment. In the case before us, H.M. was arrested but the State never filed its Information. Therefore, H.M. was not "charged" as interpreted in I.C. § 35-38-5-5.5 and is thus not eligible to restrict the disclosure of his arrest records.[2] We conclude that the trial court properly denied H.M.'s petitions.

II. *Administrative Rule 9(G)(1)(g)*

Next, H.M. contends that the trial court also improperly denied relief based on Administrative Rule 9(G)(1)(g), which provides, in pertinent part:

Rule 9. Access to court records

* * *

(G) Court records excluded from public access.

---

[2] We note, however, that the revised statute with respect to the sealing of arrest records specifically includes the situation of "a person who has been arrested if: (1) the arrest did not result in a conviction or juvenile adjudication[.]" I.C. § 35-38-9-1.

(1) Case records – The following information in case records is excluded from public access and is confidential:

* * *

(g) All orders of expungement entered in criminal or juvenile proceedings, orders to restrict access to criminal history information pursuant to Ind. Code § 35-38-5-5.5 or Ind. Code § 35-38-8-5 and records excluded from public access by such orders, and information related to infractions that is excluded from public access pursuant to Ind. Code § 34-28-5-15 or Ind. Code § 34-28-5-16.

As we have concluded that H.M. is not eligible to have his arrest records restricted pursuant to I.C. § 35-38-5-5.5, he is also not entitled to relief based on Admin. R. 9(G)(1)(g).  Therefore, we affirm the trial court's denial of H.M.'s petitions.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied H.M's petitions pursuant to I.C. § 35-38-5-5.5 and Admin. R. 9(G)(1)(g).

Affirmed.

KIRSCH, J. and ROBB, C. J. concur