## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 04 2016, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darrell E. Felling II
City of Terre Haute
Terre Haute, Indiana

ATTORNEY FOR APPELLEE

Henry L. Antonini
Antonini and Antonini
Clinton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Terre Haute,

*Appellant-Respondent,*

v.

Bass Enterprises, LLC, and
VCA, LLC,

*Appellee-Petitioner.*

November 4, 2016

Court of Appeals Case No.
84A01-1512-MI-2185

Appeal from the Vigo Superior
Court

The Honorable Michael J. Lewis,
Judge

Trial Court Cause No.
84D06-1504-MI-2459

**Mathias, Judge.**

[1] The City of Terre Haute ("the City") appeals the entry of a declaratory judgment and temporary restraining order by the Vigo Superior Court in favor of Bass Enterprises, LLC, and VCA, LLC ("the Owners"), prohibiting the City from placing a sewer lien on certain real estate owned by the Owners. On

appeal, the City presents two issues, which we restate as whether the trial court erred in its interpretation and application of the controlling statute.

[2] We affirm.

## Facts and Procedural History

[3] The facts of this case are undisputed. The Owners are the record title holders of certain real property located on Washington Avenue in Terre Haute, Indiana ("the Property"). This Property consists of a residential home that the Owners rent to a single tenant. From October 31, 2011 through October 16, 2014, the Property was rented by Codi Evans ("Tenant"). At this time, Tenant became a customer of the City of Terre Haute Sewer Department for sewer services to the Property. Tenant ultimately incurred an unpaid bill for these sewer services in the amount of $988.88, representing twenty months of unpaid service from February 1, 2013, through October 17, 2014.

[4] The City made no apparent effort to collect this bill from Tenant. Instead, on April 10, 2015, the City sent a "Notice to Property Owner" to the Owners listing the balance due of $988.88, the service address of the Property, and the service name of the Tenant. The notice stated that failure to remit payment by April 16, 2015, could result in a lien being placed on the Property. The Owners received the notice on April 20, 2015. This was the first time the City had notified them of the outstanding balance on the sewer account.

[5] On April 21, 2015, the Owners filed a Motion for Temporary Restraining Order and Motion for Declaratory Judgment. The trial court held a hearing on this

motion on September 14, 2015. The trial court took the matter under advisement, and the parties submitted proposed findings and conclusions to the court. On November 17, 2015, the trial court granted the Owners' request for a declaratory judgment, prohibiting the City from placing a lien on the rental property. The City now appeals.

## Standard of Review

[6] The parties agree as to the relevant facts, and the only issue before us is whether the trial court properly construed the applicable statutes. The question of statutory interpretation is a pure question of law subject to *de novo* review. *Pinnacle Properties Dev. Grp., LLC v. City of Jeffersonville*, 893 N.E.2d 726, 727 (Ind. 2008).

## Discussion and Decision

[7] The City claims that the trial court erred in granting declaratory judgment in favor of the Owners. Specifically, the City claims that the trial court erred by applying a recently amended version of the relevant statutes retroactively to cover sewer bills that were due prior to the effective date of the amendments to the statutes.

[8] Indiana Code chapter 36-9-23 authorizes municipalities to operate sewage works, including sewage treatment plants, sewer branches and mains, and sewage stations. *Pinnacle Properties,* 893 N.E.2d at 727. This chapter also governs the collection of sewer fees, which are set by the municipal legislative body and are payable by the owner of each piece of realty connected to the

sewer system. *Id*. (citing Ind. Code § 36-9-23-25(a), (c)). Fees not paid by the due date set by the municipality become delinquent and incur a ten percent penalty. *Id*. (citing Ind. Code § 36-9-23-31). The statutes authorize recovery of delinquent fees and penalties in three ways, one of which is relevant here:[1] the municipality may file a lien against the property served, which may be foreclosed to satisfy the fees, penalties, and reasonable attorney fees. *Id*. at 728 (citing Ind. Code §§ 36-9-23-32, -34(a)).

[9] As explained in *Pinnacle Properties*, Indiana Code sections 36-9-23-32 and 36-9-23-33 govern the lien process. 893 N.E.2d at 728. The municipal officer responsible for collection of delinquent fees and penalties files a lien with the county recorder in the form of either a list of owners and properties or an individual lien for each property. *Id*. (citing Ind. Code § 36-9-23-33(b)).[2] The municipal officer must notify each property owner that a lien has been recorded. *Id*. (citing I.C. § 36-9-23-33(c)).[3] "With two exceptions, when notice of the lien is filed with the county recorder, the lien attaches and becomes enforceable by foreclosure against the property." *Id*. (citing I.C. § 36-9-23-32(a)). The first exception, which is not at issue in the present case, deals with the transfer of ownership before a lien is filed. *Id*. (citing I.C. § 36-9-23-32(b)).

---

[1] The other two methods are: (1) applying the user's deposit toward the outstanding fees and penalties, Ind. Code § 36-9-23-28, and bringing a civil action to recover fees, penalties, and reasonable attorney's fees. I.C. § 36-9-23-31.

[2] This portion of the statute is now codified in subsection 33(c).

[3] This portion of the statute is now codified in subsection 33(d).

[10]    The second exception is found in section 36-9-23-32(c). Prior to July 1, 2014, section 32(c) provided:

> A lien attaches against real property occupied by someone other than the owner only if the utility notified the owner within twenty (20) days after the time the utility fees became sixty (60) days delinquent. However, *the utility is required to give notice to the owner if the owner has given the general office of the utility written notice of the address to which the owner's notice is to be sent.* A notice sent to the owner under this subsection must be sent by certified mail, return receipt requested, or an equivalent service permitted under IC 1-1-7-1 to:
>
> > (1)  the owner of record of real property with a single owner; or
> >
> > (2)  at least one (1) of the owners of real property with multiple owners;
>
> at the last address of the owner for the property as indicated in the records of the county auditor on the date of the notice. The cost of sending notice under this subsection is an administrative cost that may be billed to the owner.

I.C. § 36-9-23-32(c) (2010) (emphasis added).[4]

---

[4]  Prior to 2010, Subsection 32(c) was more succinct, providing:

> A lien attaches against real property occupied by someone other than the owner only if the utility notified the owner within twenty (20) days after the time the utility fees became sixty (60) days delinquent. *However, the utility is required to give notice to the owner only if the owner has given the general office of the utility written notice of the address to which the owner's notice is to be sent.*

I.C. § 36-9-23-32(c) (2006) (emphasis added). Thus, the earlier version of the statute still required a non-occupant owner to provide written notice of a mailing address before utility was required to send notice of the delinquency to the owner.

[11] Under this version of the statute, a lien could only attach against property occupied by someone other than the owner if the utility notified the owner within twenty days after the utility fees were sixty days delinquent. However, this notice was required only if the non-occupant owner took the affirmative step of giving the utility written notice of the address to which the owner's notice was to be sent.

[12] Effective July 1, 2014, Section 32(c) was amended to provide:

> Except as otherwise provided in a provision included in an ordinance under section 25(f)(3) of this chapter,[5] a lien attaches against real property occupied by someone other than the owner only if the utility notifies the owner not later than twenty (20) days after the time the utility fees become sixty (60) days delinquent. A notice sent to the owner under this subsection must be sent by first class mail or by certified mail, return receipt requested (or an equivalent service permitted under IC 1-1-7-1) to:
>
> > (1) the owner of record of real property with a single owner; or
> >
> > (2) at least one (1) of the owners of real property with multiple owners;
>
> at the last address of the owner for the property as indicated in the records of the county auditor on the date of the notice of the

---

[5] Section 36-9-23-25(f) states that a municipality may adopt an ordinance regarding property occupied by a non-owner. Such an ordinance may provide one or more of the following provisions: (1) that sewer fees are to be paid by the non-owner occupant; (2) that sewer fees are payable by the non-owner occupant only if the owner or occupant gives written notice to the utility that the occupant is to be responsible; (3) that "fees assessed against the property for the services rendered by the sewage works to the property do not constitute a lien against the property, notwithstanding section 32 of this chapter, and subject to any requirements or conditions set forth in the ordinance." The City makes no argument that an ordinance adopted under section 25(f)(3) applies, as this would mean that the lien could not attach at all on the property of a non-occupant owner.

delinquency, or to another address specified by the owner, in a written notice to the utility, at which the owner requests to receive a notice of delinquency under this subsection. The cost of sending notice under this subsection is an administrative cost that may be billed to the owner.

I.C. § 36-9-23-32(c) (2014). This is the current version of the statute.

[13]     Noticeably absent from the current version of the statute is the requirement that the non-occupant owner give the utility written notice of the address to which the owner's notice of any delinquency is to be sent. Thus, a non-occupant owner of property is no longer required to give the sewer utility written notice of its address before the utility is required to send notice of the delinquency to the non-occupant owner. The sewer utility must now send notice to all non-occupant owners, regardless of whether the owner has provided written notice of its address.[6]

[14]     In the present case, it is undisputed that the Owners did *not* provide written notice to the City's sewer utility of the address to which any notice of delinquency was to be sent. Also, the trial court applied the most recent version of the statute. *See* Appellant's App. p. 26 (trial court's findings and conclusions explicitly quoting the most recent version of Section 36-9-23-32(c)). The City claims that this was an improper retroactive application of this statute. Specifically, the City claims that the prior version of the statute should apply

---

[6] The current version of Section 36-9-23-32(c) provides that a non-occupant owner may give written notice to the utility of an address to which notice of a lien is to be sent, but this written notice is no longer a prerequisite to the duty of the utility to send the non-occupant owner notice of a lien.

because the delinquent sewer fees accrued when the prior version of the statute was still in effect.

[15] The question of whether a statute is to be applied retroactively depends upon the legislature's intent. *Robinson v. Valladares*, 738 N.E.2d 278, 281 (Ind. Ct. App. 2000) (citing *Chesnut v. Roof*, 665 N.E.2d 7, 9 (Ind. Ct. App. 1996)). Absent an express indication to the contrary, we will presume that the legislature intended that the statute be applied prospectively only. *Chesnut*, 665 N.E.2d at 9 (citing *Gosnell v. Ind. Soft Water Serv.*, 503 N.E.2d 879, 880 (Ind. 1987)).[7]

[16] In the present case, we need not attempt to discern the General Assembly's intent with regard to retroactive application of this statute, because we do not agree with the City that the trial court applied the statute retroactively.

[17] The Tenant incurred an unpaid bill for sewer service from February 1, 2013, through October 17, 2014. And Section 36-9-23-32 was amended effective July 1, 2014. Thus, a portion of the unpaid balance accrued under the prior version of the statute, and a portion of the unpaid balance accrued under the current version of the statute. The final amount of this unpaid balance did not accrue until after the July 1 effective date of the new statute.

---

[7] *Gosnell* was partially superseded by statute on other grounds, regarding the nature of punitive damages, as noted in *Cheatham v. Pohle*, 789 N.E.2d 467, 472 n.3 (Ind. 2003).

[18]     In addition, the City, for whatever reason, chose not to attempt to file a lien against the Owners' property until April 10, 2015, when the City sent the Notice to Property Owner. This was well after the July 1, 2014 effective date of the amendments to Section 36-9-23-32(c).

[19]     Section 36-9-23-32(c) explains the prerequisites for the attachment of a lien for the failure to pay sewer utility fees. It does not govern the underlying fees, nor does it make any distinction between fees incurred under the older version of the statute and the current version of the statute.

[20]     Therefore, the statute in effect *at the time the balance was fully accrued, and at the time the City attempted to file the lien* was the most recently amended version of the statute, which eliminated the requirement that the non-occupant owner provide the utility with written notice of the address to which notice of any delinquency should be sent. This statute requires the utility to "notif[y] the owner not later than twenty (20) days after the time the utility fees became sixty (60) days delinquent" before the City could file a lien against the owner's property. I.C. § 36-9-23-32(c). It is undisputed that the City did not so notify the Owners in the present case.

[21]     We therefore conclude that the trial court did not err by "retroactively" applying the amended version of the sewer lien statute. It simply applied the version of the statute in effect at the time the City attempted to file the lien. This is not a retroactive application of the statute.

## Conclusion

The trial court properly applied the currently applicable version of the statute that was in effect at the time the City attempted to file the lien. Because the statute was not retroactively applied, the trial court did not err.[8]

Affirmed.

Vaidik, C.J., and Barnes, J., concur.

---

[8] Because we conclude that the trial court did not apply the statute retroactively, we do not address the Owners' argument that, under Indiana Code section 36-9-23-33, the City was required to file any lien within ninety days of the sewer fees becoming due and payable. Nor do we address the City's counter-argument under Indiana Code section 36-9-25-11(h) that "[a] fee assessed against real property under this section constitutes a lien against the property assessed only when the fee is delinquent for no more than three (3) years from the day after the fee is due."